The opinion of the Court was delivered by
Dunkin, 0. J.
The Chancellor, for the reasons stated in his decree, deemed it unnecessary to consider whether the Act of 1841 conferred on the defendant, William Steen, immunity from suit. But the earnestness and ingenuity with which the second ground of appeal has been urged have induced further inquiry. At the time of the service of the subpoena to answer the bill, to wit, April 26, 1861, the residence of the defendant, Steen, was in Union village, and the service was effected by leaving a copy. The defendant was at that time a member of Captain Gadberry’s company, in the First regiment of South Carolina volunteers under Colonel Maxcy Gregg, then stationed near Charleston. This was not a corps created under any of the provisions of 'the Act of 1841, but was a regiment of volunteers organized under special resolutions of the Convention of 1860-61, and commanded by field officers, appointed as therein particularly directed.
But it is difficult to distinguish the terms of the Act of 1841 from those of the Act of 1794. In the provision for *220 immunity from arrest, the later Aet is merely a transcript of the former. So far as may be inferred from previous judicial interpretation of the Act of 1794, the service here made was valid and not inconsistent with the immunity intended by the Act. In Gregg vs. Summers, 1 McC. 461, personal service on a defendant while on militia duty was set aside, and for the reasons there stated. But the Court add: “A writ may be served by being left at the most notorious place of defendant’s abode.”
The original order for foreclosure and sale was made June 11, 1861. The sale was not then made; and, in December following, the Act of the Legislature suspended' all orders for sale, -under decree, &c., until the same should be renewed in open Court, or at Chambers. At the sittings of the Court of Equity for Union, in June last, the previous order was recited, and the sale was directed to take place on the first Monday of August following. The sale was not made until 5 November. The Chancellor states, that, in the meantime, the defendant, Steen, “conferred with the plaintiff as to the division of the mortgaged premises into convenient parcels so as to enhance the price.” “ He was present at the sale, and purchased part of the property.” Other purchasers paid the purchase-money, received conveyances; and a large portion of the money has been paid to the plaintiff’s assignee. Late in December, the defendant submitted a motion to the Chancellor to set aside the decree of foreclosure and all the previous proceedings, principally on the ground of want of legal service of the subpoena. This Court is of opinion that the motion was properly dismissed.
The defendant’s first ground of appeal objects, that all the mortgaged premises were not included in the proceedings for foreclosure. If the defendant has any-equity against other parties, it should be made to appear (as indicated by the Chancellor) by the proper proceeding. But, so far as *221 this Court can understand from tbe facts submitted by the defendant, the mortgage was properly enforced primarily against the last purchaser from the mortgagor. See Clows vs. Dickerson, 5 John. Ch. 235. The other grounds of appeal are sufficiently met in the decree of the Chancellor; nor do the Court deem it necessary to add to the authorities cited by him for refusing the extraordinary aid of this Court to D. A. Townsend.
The appeal is dismissed.
■Wakdlaw and Inglis, J. J., concurred.

Appeal dismissed.